# NEWPORT COUNTY.

### PETITION OF ELIZA C. LAWTON & GEORGE W. TAYLOR for an Opinion of the Court.

A decree of divorce awarded alimony to the wife "to be paid," by the husband, "out of his real and personal estate:"

*Held*, that these words did not create a charge on the husband's real estate.

*Held*, further, that after the husband's death the wife's only claim under the decree was that of a judgment creditor of his estate.

*Query.*  Whether such a claim existed.

*Providence, July* 27, 1878.  DURFEE, C. J.  This is a case stated for the opinion of the court under Pub. Laws R. I. cap. 563, § 16, of April 20, 1876.  The facts are these: In 1863, Eliza C. Lawton was divorced from her husband, Robert B. Lawton, it being decreed " that the bond of matrimony between the said Eliza and the said Robert be dissolved, and that she be allowed as alimony, to be paid by the said Robert out of his real and personal estate, the sum of one hundred dollars per annum during her natural life or until further order of this court, to be payable semi-annually, to wit: fifty dollars on the first Monday of March, and fifty dollars on the first Monday of September in every year, the payments to be made by the said Robert into the clerk's office of this court for the use of said Eliza, the clerk's receipt to be a discharge therefor to said Robert, and in case of non-payment execution to issue therefor."  In May, 1876, Robert B. Lawton died, intestate and insolvent, leaving among his property certain undivided interests in several parcels of real estate in this State.  Eliza C. Lawton claims that she has a lien under the decree for her alimony on said real estate, or a priority over simple contract creditors, enforcible in equity.  George W. Taylor, who is the administrator, denies this.  He contends that she has no lien ; that her right to alimony has come to an end, and that the real estate may be sold for the payment of debts free from any lawful claim or incumbrance on her part.

The alimony was allowed under Rev. Stat. R. I. cap. 137, § 8, which provides that in case of divorce the wife shall " be allowed

out of the real or personal estate of the husband, or out of both, such alimony as the court shall think reasonable, not exceeding the use of one moiety of his real estate, during the life of the wife, and the property of one half of his personal estate, having regard to the personal property which came to the husband by the marriage and his ability."

Under this provision the court might have given Eliza C. Lawton the use of one half of her husband's real estate for life and one half of his personal estate outright. It gave her instead an annual allowance of one hundred dollars for life. It is usual for the court when it gives alimony in this form to secure its payment by an express lien or charge on the real estate. It did not do this in the decree above recited, unless it did it by the words "to be paid by the said Robert out of his real and personal estate." But we think these words merely express what would have been implied without them, and that they cannot, in view of the practice of the court, be construed to create a lien or charge. The real estate is, therefore, not subject to the lien or charge unless it is so by force of the statute. We do not find in the statute any language by force of which it can be so incumbered. Our conclusion is that it may be sold to pay debts by leave of the Court of Probate, and that the purchaser will take it free from any lien or charge for alimony. *Olin* v. *Hungerford*, 10 Ohio, 268 ; *Campbell* v. *Campbell*, 37 Wis. 206.

If Eliza C. Lawton has any claim on the estate it is as a judgment creditor under her decree. See *Howard* v. *Howard*, 15 Mass. 196. Whether she has such a claim, however, is a question which she can the more properly raise by going with it before the commissioners, it being a question on which the creditors generally are entitled to be heard. Gen. Stat. R. I. cap. 175, § 13.

*William P. Sheffield*, for Lawton.
*Francis B. Peckham, Jr.*, for Taylor.